Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

**Hearing Date: October 4, 2023**
**Time: 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
In re:
THREE NICKELS, LLC,

Debtor.
-----------------------------------------------------x

Chapter 11
Case No. 23-41456 (JMM)

**NOTICE OF DEBTOR'S FIRST MOTION FOR AN ORDER EXTENDING ITS EXCLUSIVE PERIODS TO FILE AND SOLICIT ACCEPTANCES OF A CHAPTER 11 PLAN PURSUANT TO 11 U.S.C. §1121(d)(1)**

**PLEASE TAKE NOTICE** that, upon the annexed motion, dated August 17, 2023, and the exhibits annexed thereto, Three Nickels, LLC, the debtor and debtor-in-possession therein (the "Debtor"), will move this court before the Honorable Jill Mazer-Marino, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201, on October 4, 2023 at 10:00 a.m., or as soon thereafter as counsel may be heard, for entry of an Order, pursuant to 11 U.S.C. § 1121(d), extending the Debtor's exclusive periods to file and solicit acceptances of a chapter 11 plan, and granting such other and further relief as may be just and proper (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion shall (i) be made in writing, (ii) conform to the Bankruptcy Rules and the Local Bankruptcy Rules for the Eastern District of New York, (iii) set forth the name of the objecting party, the nature and amount of any claim or interest held or asserted against the Debtor's estate or property, the basis for the objection and the specific grounds therefor, (iv) be filed with the Court together with proof

of service thereof, and (v) be served in a manner so as to be received by Pick & Zabicki LLP, 369 Lexington Avenue, 12th Floor, New York, New York 10017, Attn: Douglas J. Pick, Esq., not less than seven (7) days prior to the hearing date.

**PLEASE TAKE FURTHER NOTICE** that, to appear at the hearing on the Motion (regardless of whether the hearing is by phone, videoconference, or in person), all hearing participants must register through the Court's *eCourt Appearances* program accessible on the Bankruptcy Court's website at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl in advance of the hearing. *eCourt Appearances* registration is required by both attorneys and non-attorney participants. CM/ECF accounts are not necessary for *eCourt Appearances*. Attorneys with an CM/ECF account may find the program under the "Utilities" menu after logging on to CM/ECF. The general public, including the press, are not required or permitted to register for hearings through eCourt Appearances. The eCourt Appearances platform is for use exclusively by parties and their professionals.

**PLEASE TAKE FURTHER NOTICE THAT**, once registered, *eCourt Appearances* will email the telephone number, video link, and courtroom address for your hearing. You may register for hearings weeks in advance, but the telephone number and video link will not be sent to you until 48 hours before the hearing date. Those registering with *eCourt Appearances* for hearings less than 48 hours in advance should allow up to 15 minutes after registration to receive the email with the hearing information. Those unable to access *eCourt Appearances* must email Judge Mazer-Marino's Courtroom Deputy at: jmm_hearings@nyeb.uscourts.gov at least two (2) business days prior to the hearing. Your email must include your name, the case number(s), who you represent (if you are an attorney), hearing date, and phone number.

Dated: New York, New York
August 17, 2023

**PICK & ZABICKI LLP**
Counsel to the Debtor

By: ______________________________
Douglas J. Pick, Esq.
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------x

In re:
THREE NICKELS, LLC,

Debtor.

Chapter 11
Case No. 23-41456 (JMM)

-----------------------------------------------------x

**DEBTOR'S FIRST MOTION FOR AN ORDER EXTENDING ITS EXCLUSIVE PERIODS TO FILE AND SOLICIT ACCEPTANCES OF A CHAPTER 11 PLAN PURSUANT TO 11 U.S.C. §1121(d)(1)**

TO THE HONORABLE JILL MAZER-MARINO,
UNITED STATES BANKRUPTCY JUDGE:

Three Nickels, LLC, the debtor and debtor-in-possession herein (the "Debtor"), by and through its undersigned counsel, as and for its motion (the "Motion") for the entry of an Order, pursuant to § 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), extending the Debtor's exclusive periods to file and solicit acceptances of a chapter 11 plan, respectfully represents and alleges as follows:

**BACKGROUND**

1. The Debtor is a New York limited liability company organized on March 27, 2007. At all times material herein, Daniel Reifer has been sole member of the Debtor. The Debtor owns and operates the Property which is a six (6) floor, eighty-five (85) unit, residential apartment building, title to which the Debtor obtained by deed October 17, 2007. Substantially all of the apartment units withing the Property are rented. The Debtor estimates that the current fair market

value of the Property is approximately $14,000,000 to $15,000,000. Other than its ownership and management of the Property, the Debtor has no other significant assets or business operations.

2. On or about June 27, 2022, Ridgewood Savings Bank assigned a certain consolidated mortgage note in the original total principal amount of $11,250,000 (the "Note"), along with a first priority mortgage against the Property (the "Mortgage"), an assignment of all leases and rents associated with the Property, and the personal guaranty of Mr. Reifer securing payment thereunder, to Ocean Lender. The following day, *i.e.*, June 28, 2022, Ocean Lender accelerated payment of all sums due under the Note and demanded immediate payment thereof. The Debtor was not able to pay the sums demanded by Ocean Lender.

3. On July 7, 2022, *i.e.*, nine (9) days after the acceleration of the Note, Ocean Lender commenced an action in the Supreme Court of the State of New York, County of Kings, entitled *Ocean Lender LLC v. Three Nickels, LLC, et al.* (Index No. 519258/2022) seeking to foreclose on the Mortgage against the Property granted by the Debtor as security for repayment of loan obligations in the total principal amount of $11,250,000 (the "Foreclosure Action"). In October 2022, the Debtor and Ocean Lender entered into a Stipulation of Settlement pursuant to which, among other things, Ocean Lender agreed to forebear from taking further action to foreclose upon the Mortgage conditioned upon, among other things, the Debtor's payment to Ocean Lender of certain specified installment payments against the mortgage arrears. Unfortunately, the Debtor was not able to remain current with respect to its obligations under the Stipulation of Settlement. As a result, a Judgment of Foreclosure and Sale was entered on April 21, 2023. Ocean Lender has asserted that the current amount owed by the Debtor to Ocean Lender under the foreclosure judgment presently totals approximately $14,300,000.

4. On April 27, 2023 (the "Petition Date"), and in order to stay further proceedings in the Foreclosure Action, as well as other collection efforts by the Debtor's creditors, while the Debtor pursued efforts to address its overall financial affairs, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with this Court and an Order for Relief was entered. This is a "single asset real estate" case pursuant to § 101(51B) of the Bankruptcy Code.

5. The Debtor had initially focused its efforts in this case on pursuing an auction sale of the Property under a chapter 11 plan pursuant to sale procedures approved by this Court. In furtherance thereof, the Debtor had reached out to Ocean Lender and asked if it would be interested in acting as a stalking horse bidder for the Property by way of a "credit bid" and "carving out" funds from its liens to fund the payments of U.S. Trustee's fees, administrative professional fees and a *pro rata* distribution on general unsecured claims under a plan. Ocean Lender initially declined the Debtor's proposal but expressed its desire to see the Property sold. The Debtor also contacted Maltz Auctions to serve as marketing and sales agent with respect to the Property and negotiated a mutually acceptable form of engagement agreement. However, although Ocean Lender was initially receptive to the Debtor's retention of Maltz Auctions (including Ocean Lender having contacted Maltz Auctions directly to negotiate new engagement terms more favorable to Ocean Lender), Ocean Lender ultimately advised that it had reconsidered and was no longer willing to pursue a cooperative sale of the Property. On July 7, 2023, Ocean Lender filed a motion (ECF No. 25) seeking to modify the automatic stay with respect to its rights and interests in and to the Property.

6. On July 25, 2023, the Debtor filed a proposed chapter 11 plan (the "Plan") along with a corresponding disclosure statement (*see* ECF Nos. 28 and 29) pursuant to which the Debtor is proposing, among other things, to surrender the deed to the Property to Ocean Lender and

to fund the payments of U.S. Trustee's fee, administrative professional fees and a *pro rata* distribution on general unsecured claims from the Debtor's available cash on hand at confirmation. Since that time, the Debtor and Ocean Lender have entered into further discussions as to mutually agreeable plan terms. As such, the Debtor anticipates that a consensual amended chapter 11 plan and disclosure statement will shortly be filed.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over this case and this Motion pursuant to 28 U.S.C. §§157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicate for the relief sought herein is §1121(d)(1) of the Bankruptcy Code.

**RELIEF REQUESTED**

8. Pursuant to §§1121(b) and (c)(3) of the Bankruptcy Code, respectively, the one hundred twenty (120) day exclusive period during which only the Debtor may file a plan runs through August 25, 2023, and the related one hundred eighty (180) day period in which the Debtor may solicit acceptances of a filed plan runs through October 24, 2023. By this Application, the Debtor respectfully seeks the entry of an Order, pursuant to §1121(d) of the Bankruptcy Code, extending, for a period of ninety (90) days, the Debtor's exclusive periods to file a chapter 11 plan (*i.e.*, from August 25, 2023 to November 22, 2023) and solicit acceptances thereof (*i.e.*, from October 24, 2023 to January 21, 2024). In this regard, §1121(d)(1) of the Bankruptcy Code provides, in pertinent part, as follows:

> ...on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

9. The Bankruptcy Code does not define "cause" for modifying the exclusivity Period and the decision as to whether or not to do so is within the discretion of the courts on a case-by-case basis. *See, e.g., In re Adelphia Communications Corp.*, 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006) ("A decision to extend or terminate exclusivity for cause is within the discretion of the bankruptcy court, and is fact-specific."); *In re Geriatrics Nursing Home, Inc.*, 187 B.R. 128, 132 (D.N.J. 1995) (Section 1121(d)(1) "grants great latitude to the Bankruptcy Judge in deciding, on a case-specific basis, whether to modify the exclusivity period on a showing of 'cause.'"). Courts generally rely on the following nine (9) enumerated factors in determining whether to extend or, alternatively, to terminate a debtor's statutory period of exclusivity:

(i) the size and complexity of the case;

(ii) the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

(iii) the existence of good faith progress toward reorganization;

(iv) the fact that the debtor is paying its bills as they become due;

(v) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(vi) whether the debtor has made progress in negotiations with its creditors;

(vii) the amount of time which has elapsed in the case;

(viii) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

(ix) whether an unresolved contingency exists.

*In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); *see also Adelphia*, 352 B.R. at 587. The *Dow Corning* court cautioned, however, that:

> [W]hen a court considers a laundry list of factors in the course of deciding a matter, it is not limited to the elementary task of counting the factors. Sometimes one or more factors strongly point to a

> particular result while others point the other way only weakly. And sometimes certain factors are just more relevant or important than others ...A better way to look at this additional issue is to draw back from the narrow focus on individual factors and scan the big picture...When the Court is determining whether to terminate a debtor's exclusivity, the primary consideration should be whether or not doing so would facilitate moving the case forward. And that is a practical call that can override a mere toting up of the factors.

208 B.R. at 669-70 (emphasis added); *see also Adelphia*, 352 B.R. at 590 ("[T]he test is better expressed as determining whether terminating exclusivity would move the case forward materially, to a degree that wouldn't otherwise be the case. Certainly, practical considerations, or other considerations in the interests of justice, could override, in certain cases, the result after analysis of the nine factors.").

10. The Debtor respectfully submits that, under the facts and circumstances presented herein, "cause" exists to extend the Debtor's exclusive periods. During the very brief period of time that has passed since the Petition Date, the Debtor has already formulated and filed the Plan and has taken other significant steps in furtherance of the expeditious administration of its chapter 11 case. Moreover, the Debtor has not had sufficient time to address and reconcile the claims asserted in this case, particularly the substantial secured and/or priority claims asserted by Ocean Lender, the New York City Dept. of Finance and the New York City Water Board. Respectfully, the Debtor should be provided with the initial opportunity to file and pursue confirmation of a proposed chapter 11 plan. In this respect, the Debtor and Ocean Lender are presently in discussions as to the terms of a mutually agreeable chapter 11 plan and, thus, the Debtor anticipates that a consensual amended plan and disclosure statement will be filed in the very near future. Accordingly, the Motion should be granted.

**CONCLUSION**

11. Based upon the foregoing, it is respectfully submitted that "cause" exists for a ninety (90) day extension of the Debtor's exclusive periods to file and solicit acceptances of a plan pursuant to §1121(d) of the Bankruptcy Code and that such relief is both warranted and appropriate, and is in the best interests of the Debtor, its estate and its creditors. A proposed Order granting such relief is attached hereto as *Exhibit "A"*. The Debtor reserves its right to seek further extensions from this Court should circumstances warrant.

**WHEREFORE**, the Debtor respectfully requests that the Court grant the Application in its entirety and grant the Debtor such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 17, 2023

**PICK & ZABICKI LLP**
Counsel to the Debtor

By: ______________________
Douglas J. Pick, Esq.
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000